1  Scott Kalkin, State Bar No. 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 820
3  San Francisco, California 94104
   (415) 732-0282
4
   Attorney for Plaintiff Jonathan Biggar
5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  Jonathan Biggar,                          )    ACTION NO.:
                                              )
13                         Plaintiff,         )    **COMPLAINT**
                                              )
14  v.                                        )
                                              )
15                                            )
    Prudential Insurance Company of America,  )
16  The California Voluntary Disability and Family )
    Leave Plan for Employees of Google, and  )
17  The Google Welfare Benefit Plan,          )
                                              )
18                         Defendants.        )
                                              )
19  _____ )

20

21                         JURISDICTION

22      1.      This action for declaratory, injunctive, and monetary relief is brought pursuant

23  to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

24  This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331

25  because this action arises under the laws of the United States.

26  //

27  _____

28  Complaint                          1

## VENUE

2.      Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the California Voluntary Disability and Family Leave Plan for Employees of Google and the Google Welfare Benefit Plan (hereinafter the "PLAN(S)"), are administered in this District and the wrongful conduct alleged herein took place in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3.      This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4.      At all relevant times, plaintiff JONATHAN BIGGAR was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN(S).

5.      At all relevant times, the California Voluntary Disability and Family Leave Plan for Employees of Google and the Google Welfare Benefit Plan were employee welfare benefit plans within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Google, and/or its predecessor(s) and/or successor(s) in interest, and administered, at least in part, in San Francisco, California.  At all relevant times, the PLAN(S) offered short and long term disability benefits to the employees of Google, including plaintiff, through, *inter alia*, an insurance policy issued by defendant Prudential Insurance Company of America (hereinafter "Prudential").

6.      At all relevant times, defendant Prudential was a claim administrator and fiduciary of the PLAN(s) within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21).

Complaint                                                      2

<u>FACTS COMMON TO ALL CLAIMS</u>

7.      Prior to his disability, plaintiff worked full-time as a Software Engineer for Google.

8.      Between June 2, 2014, and the present, and at all other relevant times, plaintiff complied with all terms and conditions of the PLAN(s) and was, and continues to be, totally disabled under the terms of the PLAN(S).

9.      In June of 2014, plaintiff filed a claim for disability benefits with defendant Prudential and the PLAN(S).  Plaintiff had been suffering from prolonged sickness as a result of his total disability.  As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician.  Plaintiff was also found to be disabled by the United States Social Security Administration as of June 3, 2014.

10.     On or about November 13, 2014, and at other times, plaintiff requested that Prudential and the PLAN(S) produce certain documents to which he was entitled pursuant to ERISA and the applicable Department of Labor regulations.

11.     On or about December 12, 2014, and December 17, 2014, respectively, defendant Prudential denied plaintiff's claim for short and long term disability benefits under the PLAN(S), alleging that certain information in its possession indicated that plaintiff did not meet the definition of disability under the terms of the PLAN(S).

12.     On or about June 10, 2015, plaintiff appealed Prudential's denial of his benefits. Among other things, plaintiff sent Prudential additional documentation of his disability and asked that it pay his benefits.

13.     The applicable Department of Labor regulations, and the PLAN(S) themselves, require that plaintiff's appeal be decided within ninety (90) days of its submission, however, as of October 20, 2015, defendant Prudential had failed to make a decision on the appeal and communicate it to plaintiff.

14.     Plaintiff has exhausted his administrative remedies.

Complaint                                        3

**FIRST CLAIM FOR RELIEF**

(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B); [29 U.S.C. § 1132(a)(1)(B)].)

15.     Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 14 of this complaint.

16.     ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms of a plan.

17.     By, *inter alia*, failing to pay plaintiff short and long-term disability benefits despite his complying with the PLAN's requirement of submitting proof of his total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to terminate benefits; failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, and failing to make a timely decision on plaintiff's claim, defendants have violated, and continue to violate, the terms of the PLAN(S) and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendants as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**

(For Equitable Relief Under ERISA §502(a) (3).)

18.     Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 17 of this complaint.

19.     ERISA § 502(a) (3) [29 U.S.C. § 1132 (a) (3)], permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of a plan or of ERISA.

20.     In its capacity as a claims fiduciary, defendant Prudential owed plaintiff certain

1  fiduciary duties, including that it discharge its duties:

2      1)  for the exclusive purposes of providing benefits to participants and

3  beneficiaries and defraying reasonable expenses of administering the PLAN;

4      2)  with the care, skill and diligence under the circumstances that a prudent

5  person acting in a like capacity and familiar with such matters would use in the conduct of an

6  enterprise of a like character and with like aims;

7      3)  in accordance with the documents and instruments governing the PLAN; and

8      4)  without misleading plaintiff or misrepresenting information about the status of his

9  claim.

10      21.      In refusing to pay the benefits at issue herein, defendant Prudential has violated

11  the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R. § 2560.503-1,

12  by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29

13  U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents

14  relating to his claim for benefits within the time period specified by the applicable Department

15  of Labor Regulations; acting in bad faith by denying his claim in reliance upon a standard not

16  set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on

17  which the denial was based;  failing to provide plaintiff with a description of what information

18  was needed to perfect his claim; and ignoring evidence, medical records and physicians'

19  opinions which support plaintiff's claim.

20      22.      Defendant Prudential's acts and omissions as alleged herein constitute a breach

21  of its fiduciary duties owed to plaintiff.

22      23.      As a direct and proximate result of defendant's breach of its fiduciary

23  duties as herein alleged, plaintiff has incurred consequential financial losses

24  and defendants have realized gains, meriting the imposition of an equitable surcharge against

25  defendants.

26      24.      As a direct and proximate result of the improper acts and/or

27  _____

28  Complaint                                    5

omissions herein alleged, plaintiff has been compelled to incur reasonable attorney's fees and other costs associated with the investigation of this claim and the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

## PRAYER FOR RELIEF

A.     Declare that defendants violated the terms of the PLAN(S) and plaintiff's rights thereunder by failing to pay plaintiff short and long-term disability benefits;

B.     Order defendants to pay plaintiff all short and long-term disability benefits due him pursuant to the terms of the PLAN(S), together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.     Declare plaintiff's right to receive future disability benefit payments under the terms of the PLAN(S);

D.     Declare that Prudential has breached its fiduciary duties to plaintiff and the PLAN(S) and enjoin Prudential from further breaches of its fiduciary duties;

E.     Remove Prudential as a fiduciary of the PLAN(S) and replace Prudential with an independent fiduciary;

F.     Impose an equitable surcharge, payable to plaintiff, against defendants, in an amount sufficient to fully compensate him for the consequences of its breach measured by financial loss to plaintiff and/or gain realized by defendants.

G.     Award plaintiff pre-judgment interest on all monies requested herein;

H.     Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) [29 U.S.C. § 1132 (g)]; and

//

//

_____

Complaint                                                          6

1     I.     Provide such other relief as the Court deems equitable and just.

2

3                                                     **ROBOOSTOFF & KALKIN**

4

5

6    Dated: October 20, 2015                    By:   /s
                                                      _____
7                                                     Scott Kalkin
                                                      Attorneys for plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28    Complaint                                  7